DUNN WORSTED MILLS *vs.* ALLENDALE WORSTED MILLS.

JULY 11, 1911.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1) *Form of Bills of Exceptions.*

After decision by a justice sitting in a jury trial waived case, defendant excepted to such decision. In its bill of exceptions it recited the decision for the plaintiff "and after said decision exceptions thereto were duly taken which exceptions set forth in detail are" and in numbered paragraphs assigned ten reasons for its contention that the decision was erroneous.

*Held,* that the only duty of an exception to a decision being to bring upon the record the fact that the party has made his legal objection to the decision, the mere exception unaccompanied by reasons was all that was required, and such exception taken by defendant was sufficient and in proper form.

*Held,* further, that the truth of defendant's exception would be established by striking from the bill of exceptions the ten alleged exceptions, containing the reasons for the exception taken.

(2) *Form of Bills of Exceptions.*

Except the formal parts in which the party identifies the case and trial and concludes with a prayer for its allowance by the justice, a bill of exceptions should contain only an enumeration of the rulings and the exceptions thereto actually taken, in the form in which they were taken, stated separately and clearly, the only question for the court and counsel being as to whether the exceptions were actually taken, the validity of such exceptions being for this court.

Following *Blake* v. *Atlantic Natl. Bank*, 33 R. I. 109.

ASSUMPSIT. Heard on petition of plaintiff to establish truth of defendant's exceptions and granted.

SWEETLAND, J. This is an action of the case brought to recover damages for the alleged breach on the part of the defendant of a certain contract between the plaintiff and the defendant. Jury trial having been waived the case was tried in the Superior Court before the presiding justice. On a day subsequent to the date of trial the said justice filed a rescript in which he discusses at some length the testimony given at the trial and concludes with a "decision for the plaintiff for $6,000." To this decision the defendant duly filed its exception.

The defendant's exception was as follows: "And now, after decision for the plaintiff in the above entitled case and within seven days after notice of such decision, the defendant comes into court and hereby excepts to said decision." It does not appear that the defendant took any other exception during the progress of said case in the Superior Court. Within the time fixed by said justice the defendant filed its bill of exceptions in the Superior Court. In this bill the defendant recites the nature of the action, the fact of the trial and that "decision was rendered for the plaintiff for $6,000, and after said decision of said case exceptions thereto were duly taken by the defendant, which exceptions set forth in detail are:" then follows in numbered paragraphs an assignment of ten reasons for the defendant's contention that the decision was erroneous. These reasons are chiefly objections to the reasoning of the justice, appearing in the rescript, which led him to render his decision. The bill of exceptions was allowed by said justice and together with the transcript and the papers in the case has been certified to this court. The case is before us now upon the plaintiff's petition to establish the truth of the defendant's exceptions.

The plaintiff's contention is that the truth of said exceptions would be established by striking from said bill, "the alleged exceptions numbered 'First' to 'Tenth,' inclusive," referring to the reasons urged against said decision in the numbered paragraphs of the bill. The plaintiff's counsel argued before us that as these so-called exceptions were not in fact taken by the defendant it cannot place them in its bill. The counsel further intimated that if this petition be granted and the said paragraphs stricken out, leaving only the general exception to the decision, the plaintiff will then move to dismiss the bill on the ground that the said exception is too general and indefinite.

(1)    Since the hearing in this case the court has rendered its opinion in *Blake, Trustee,* v. *Atlantic National Bank,* 33 R. I. 109. In that case we denied a motion to dismiss a bill of excep-

tions as too general and indefinite, which contained a single exception to a decision in the same form as that taken to the decision in this case, and quoted above. This case presents the slightly different question, as to whether, if a party in his bill elaborates his exceptions and enumerates the reasons on which they are based, these reasons should be stricken out in a proceeding to establish the truth of the exceptions. Perhaps this question has been sufficiently answered already in *Blake, Trustee,* v. *Atlantic National Bank.* We have thought it well, however, to treat the matter thus fully that there may be no misunderstanding as to the form of taking exception and the form of bills of exceptions under the statute as it now stands.

First, as to the form of the exception: The office of the ordinary exception taken during the preliminary progress of the cause, while the pleadings and the issues are being settled, and during the trial, is to bring formally upon the record the party's objection to the respective rulings of the court. The statute makes no distinction as to the form of the exception, whether it be to a ruling upon a question of pleading, to the admission or exclusion of testimony, or to the decision. As far as is provided by the statute, if an exception to the decision is objectionable because it does not set out all the grounds of objection which are relied upon, the same may be urged against an exception taken during the trial to the admission of testimony. It would be unjust to deprive a party of the benefit of exception to an erroneous ruling, most prejudicial to him, excluding important evidence, because his counsel in the rush of the trial is unable at the moment to hit upon the efficient ground of objection. In practice during a trial an exception is preceded by an objection overruled. In support of the objection, counsel in argument presents to the court the reasons which he has for the objection. The court may ignore all these reasons as unsound and yet for other reasons, which it regards as sufficient, may sustain the objection. If, on the other hand, the court overrules the objection

and the party excepts; upon review before this court counsel will not be restricted in his argument to the reason which he urged before the Superior Court nor will this court be compelled to decide the question upon the grounds presented in the argument before it. A similar condition is presented in the case of an exception to a decision, while there has been no objection made before this exception, counsel has had an opportunity to urge upon the court in argument every reason that may occur to him why the decision should be in his client's favor. If the decision is adverse and the party aggrieved comes to this court upon a bill of exceptions, at the hearing here, whatsoever may be the argument of counsel for the moving party, this court may entirely disregard it and discard as unsound the reasons contained in it and still upon a consideration of the record and the law determine that the decision is erroneous, unjust, and should be set aside. It would therefore be a useless procedure to compel the moving party to embody in his exception an outline of his counsel's argument or to restrict the counsel in his argument to the reasons given in his exception if this court in its consideration of the question is not to be limited at all by the reasons stated in the exception. Reasons have their place in argument and in objections, not in an exception. The only duty of an exception to a decision is to bring upon the record the fact that the party has made his legal objection to the decision. We have held that a general exception to a charge to a jury is not valid. The reason for such a rule is plain. The charge generally includes a number of instructions and the party desiring to take an exception should specify at the close of the charge to which instruction or instructions he objects that the justice may have an opportunity of correcting the misunderstanding or the improper statement of law before the jury begins its deliberations. There has been no practice, however, requiring the party excepting to any portion of the charge to  state the grounds of his exception.

The exception to the decision which was actually taken in

this case is a sufficient exception to a decision and is in proper form.

(2)   As to the form of a bill of exceptions:   Except the formal parts in which the party clearly identifies the case and the trial and concludes with a prayer for its allowance by the justice, the bill should contain only an enumeration of the rulings and the exceptions thereto actually taken, in the form in which they were taken, each stated separately and clearly.   See *Blake, Trustee,* v. *Atlantic National Bank, supra.* In such a bill the so-called exceptions contained in this defendant's bill, in the numbered paragraphs referred to, would not appear; first, because these so-called exceptions were not actually taken, and also because it is not good practice to confuse the list of rulings and exceptions with an elaboration of the reasons for the exceptions taken.

In conforming to the practice indicated in *Blake, Trustee,* v. *Atlantic National Bank,* members of the bar and the justices of the Superior Court, in the preparation and allowance of bills of exceptions, will be relieved from much uncertainty and their labors will be simplified.   The only question before them is as to the truth of the exceptions; whether from the record or in some cases from their notes and recollection, it appears that the exceptions which the party claims were actually taken.   The question of the validity of the exceptions is for this court alone.

The plaintiff's petition is granted and the truth of the defendant's exception is established by striking from the bill "the alleged exceptions numbered 'First' to 'Tenth,' inclusive."

*John J. Heffernan, James H. Rickard, Jr.,* for plaintiff.
*Bassett & Raymond,* for defendant.